IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 7:12CR00102 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ASHLEI RENEE ROBINSON, | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | Senior United States District Judge |

Defendant Ashlei Renee Robinson has filed an emergency motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act of 2018. For the reasons set forth below, Robinson's motion will be denied without prejudice.

On April 11, 2013, Robinson pled guilty to conspiracy to distribute 500 grams or more of a mixture containing methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. Prior to sentencing, a probation officer prepared a presentence investigation report ("PSR") that summarized Robinson's offense conduct. According to the PSR, Robinson dealt methamphetamine in Southwest Virginia for several years. The PSR found Robinson responsible for dealing at least 1.7 kilograms of methamphetamine. The drug quantity and type produced a base offense level of 34. Moreover, because Robinson tested positive for cocaine and methamphetamine while on pretrial supervision and subsequently absconded from supervision, she received a two-level enhancement for obstruction of justice, producing an adjusted offense level of 36. When combined with a criminal history category of III, the total offense level produced a recommended range of imprisonment of 235 to 293 months.

Robinson appeared for sentencing on October 4, 2013. At that time, the court accepted the plea agreement and adopted the PSR. The court imposed a sentence of 194 months' imprisonment, along with five years of supervised release, a special assessment of $100, and a $750 fine. On

April 8, 2015, the court reduced Robinson's sentence to 188 months' incarceration pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines.

Robinson is 38 years old and has served approximately 59 percent of her prison sentence, accounting for credit for good conduct. Her projected release date, with credit for good conduct, is August 3, 2026.

Robinson is presently incarcerated at FCI Marianna, a medium-security facility in Marianna, Florida. As of April 5, 2021, 1 inmate and 15 staff members have tested positive for COVID-19, and 247 inmates and 42 staff members have recovered from the virus. Moreover, 306 inmates and 97 staff members have been fully inoculated against the virus. See https://www.bop.gov/coronavirus/ (last visited Apr. 5, 2021).

On July 24, 2020, Robinson filed a pro se motion for compassionate release. Pursuant to Standing Order 2019-1, the court appointed the Federal Public Defender to investigate Robinson's case. On September 1, 2020, Robinson, through counsel, filed an amended emergency motion for compassionate release. In her motion, Robinson argues that she suffers from several severe medical conditions that put her at high risk of serious complications should she contract COVID-19. Specifically, Robinson states that she is obese, a cancer survivor, has had symptoms of respiratory distress, and needs a biopsy due to her having "multiple solid and cystic mass densities" in her breasts. ECF No. 95 at 2–3. The government has opposed Robinson's motion for compassionate release. The matter has been fully briefed and is ripe for review.

A district court "may not modify a term of imprisonment once it has been imposed," except in narrow circumstances. 18 U.S.C. § 3582(c). As relevant here, the compassionate release statute, as amended by Section 603(b) of the First Step Act, provides as follows:

> T]he court, . . . upon motion of the defendant after the defendant has
> fully exhausted all administrative rights to appeal a failure of the

> Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) [of Title 18] to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such reduction; . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

In the present case, the government does not contend that Robinson failed to exhaust her administrative remedies.  However, the government argues that (1) Robinson has not shown extraordinary and compelling circumstances justifying her release and (2) that the factors set forth in 18 U.S.C. § 3553(a) do not support granting Robinson compassionate release.[*]  See United States v. Kibble, __ F.3d __, 2021 WL 1216543, at *4 (4th Cir. Apr. 1, 2021) (per curium) (affirming the district court's decision to deny compassionate release after considering the factors set forth in § 3553(a)).

The court will first assume that Robinson has shown extraordinary and compelling circumstances justifying her release.  However, upon review of the record, the court agrees that the § 3553(a) factors do not support granting Robinson compassionate release.  Robinson's offense conduct in the present case was very serious.  As stated previously, Robinson dealt methamphetamine in Southwest Virginia for several years and was found responsible for dealing 1.7 kilograms.  Moreover, Robinson absconded from pretrial supervision after testing positive for cocaine and methamphetamine.  Robinson has served only 59 percent of her sentence, and the court does not believe that compassionate release is warranted at this time.

---

[*] The factors include, among others, the nature and circumstances of the offense; the history and characteristics of the defendant; the need for just punishment, adequate deterrence, protection of the public, and rehabilitation; and the need to avoid unwanted sentencing disparities.  18 U.S.C. § 3553(a).

The court appreciates Robinson's clean disciplinary record and consistent employment while incarcerated and commends Robinson for earning her GED and for completing coursework in drug treatment, finance, sign language, parenting, and real estate. The court is also sympathetic to Robinson's concerns related to the COVID-19 virus and her preexisting medical conditions. However, at this time the court finds that the balance of the applicable factors set forth in § 3553(a) weigh against release. Specifically, after considering Robinson's history and characteristics and the seriousness of her offenses, as well as the need to afford adequate deterrence, protect the public, promote respect for the law, and avoid unwarranted sentencing disparities, the court finds that Robinson is not an appropriate candidate for compassionate release at this time. Accordingly, it is hereby

**ORDERED**

that Robinson's motion (ECF Nos. 89 & 95) is **DENIED** without prejudice.

The Clerk is directed to send a copy of this order to the defendant and all counsel of record.

DATED: This ___6th___ day of April, 2021.

_____
Senior United States District Judge